UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al., | |
| Plaintiffs, | |
| v. | C19-635 TSZ |
| BHC FAIRFAX HOSPITAL, INC. d/b/a FAIRFAX BEHAVIORAL HEALTH, | ORDER |
| Defendant. | |

THIS MATTER comes before the Court on the Motion for Partial Summary Judgment, docket no. 81, filed by defendant BHC Fairfax Hospital, Inc. d/b/a Fairfax Behavioral Health. The Court heard oral argument on September 15, 2021, and took the matter under advisement. Having considered the oral arguments of counsel, and having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

Because the parties are familiar with the facts, the Court gives only a brief summary of the relevant background.

ORDER - 1

Defendant is a privately-owned entity that has three facilities providing inpatient psychiatric services in Washington. 2d Am. Compl. at ¶¶ 17–18 (docket no. 62). Each Plaintiff alleges that, upon admission to one of Defendant's facilities, he or she was subjected to a strip and cavity search, which was video recorded. Id. at ¶¶ 24–102. Plaintiffs then filed this action. Defendant now moves for partial summary judgment to dismiss the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD") claims.

**Discussion**

A. **Standard of Review**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. Id. at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. See Beard v. Banks, 548 U.S. 521, 529 (2006) ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting <u>Celotex</u>, 477 U.S. at 322)).

### B. Americans with Disabilities Act

Plaintiffs must establish four elements to prevail on their failure to accommodate claim under the ADA:

> (1) [they are] disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff[s] based upon the [plaintiffs' disabilities] by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the [plaintiffs' disabilities].

<u>Karczewski v. DCH Mission Valley LLC</u>, 862 F.3d 1006, 1010 (9th Cir. 2017) (quoting <u>Fortyune v. Am. Multi-Cinema Inc.</u>, 364 F.3d 1075, 1082 (9th Cir. 2004)).

Defendant does not contest the first two elements but asserts that Plaintiffs fail to establish that it employed a discriminatory policy or practice. Defendant contends that, because Plaintiffs allege that Defendant had a universal practice of conducting strip and cavity searches on every patient they admitted, their ADA claim fails as a matter of law even when accepting all their allegations as true. Plaintiffs contend that Defendant had a "*practice* of strip and cavity searching them in locations where cameras are present and they can be seen by other patients and staff." Resp. at 15 (docket no. 85); <u>see also</u> 2d Am. Compl. at ¶¶ 103 & 138–39 ("[Defendant] has a blanket policy requiring all patients to remove their clothing and a practice of randomly strip-searching patients indiscriminately."). District courts, however, have held that a policy or practice that applies to all patients who are admitted is not discriminatory under the ADA. <u>Aiken v.</u>

ORDER - 3

1  Nixon, 236 F. Supp. 2d 211, 225–26 (N.D. N.Y. 2002); Smith v. City of New York, No.
2  15-cv-4493 (RJS), 2016 WL 4574924 (S.D. N.Y. Sept. 1, 2016).

3      In Aiken, a plaintiff asserted that a psychiatric facility's search policy violated the
4  ADA.  236 F. Supp. 2d at 225.  The plaintiff, however, challenged a policy that applied to
5  all who entered the facility, and thus did not differentiate in its applicability based upon
6  disability.  Accordingly, the court concluded that the complaint provided "no factual
7  basis on which a finder of fact could conclude that the disabled who seek to enter [the
8  facility] as a patient, either voluntarily or involuntarily, are treated any differently than an
9  'able-bodied' individual who attempts the same treatment." Id.  Similarly, in Smith, a
10 court dismissed a plaintiff's complaint challenging a disrobement policy under the ADA
11 because the policy was mandatory and "applied to *all* patients entering the hospital for a
12 psychiatric emergency." 2016 WL 4574924, at *7 (emphasis in original).

13     Recognizing that a claim alleging a universal practice is not viable under the
14 ADA, Plaintiffs alternatively argue that Defendant discriminated against them by
15 requiring only them to submit to strip and cavity searches.  Resp. at 16–17.  Although this
16 is a different theory than what Plaintiffs allege in their complaint, it is supported by the
17 testimony of Defendant's 30(b)(6) witness, which indicated that Defendant did not
18 employ a universal policy of requiring patients to undergo strip and cavity searches.
19 Graham Dep., Ex. D to Neiman Decl. (docket no. 45-4 at 4–5).

20     Nevertheless, Plaintiffs' ADA claim still fails as they do not allege any
21 discriminatory reason for why they were treated differently than the other patients
22 Defendant admitted.  See Simmons v. Navajo County, 609 F.3d 1011, 1021 (stating that,
23

ORDER - 4

assuming the plaintiff had a disability, the ADA requires courts to focus on whether the plaintiff's treatment was by reason of his disability). At oral argument, Plaintiffs pointed to language in Defendant's Reply that its "admission process applies to **all** patients based on a legitimate concern that they may pose a danger to themselves or others," (docket no. 89 at 4) (emphasis in original), to show that Defendant has a discriminatory animus against people with disabilities. But even accepting that this comment shows a discriminatory animus against *all* people with disabilities, it does not explain why any of these Plaintiffs' particular disabilities would have caused Defendant to treat them differently than the other patients it admitted for treatment.

Finally, while Plaintiffs assert that Defendant's policies are "inadequate as they do not explicitly prohibit the strip searches of patients' bodies for contraband and do not indicate that patients have a right to refuse such searches," they fail to connect this criticism to their ADA claim. In an ADA claim, the key issue for this Court to decide is whether Defendant discriminated against Plaintiffs "on the basis of disability." See 42 U.S.C. § 12182(a). The adequacy of Defendant's policies does not relate to this key issue.

For these reasons, the Court DISMISSES Plaintiffs' ADA claim with prejudice. Additionally, Plaintiffs' claim for injunctive relief based on the ADA is also DISMISSED with prejudice.[1]

---

[1] At oral argument, Plaintiffs' counsel acknowledged that, because the claim for injunctive relief is based solely on the ADA claim, if the Court dismisses Plaintiffs' ADA claim, their claim for injunctive relief should also be dismissed.

ORDER - 5

### C. Washington Law Against Discrimination

Plaintiffs' disparate treat claim[2] under WLAD also fails. For a disparate treatment claim under WLAD, Plaintiffs must establish the following four elements:

> (1) they have a disability recognized under the statute; (2) the defendant's business or establishment is a place of public accommodation; (3) they were discriminated against by receiving treatment that was not comparable to the level of designated services provided to individuals without disabilities by or at the place of public accommodation; and (4) the disability was a substantial factor causing the discrimination.

Fell v. Spokane Transit Auth., 128 Wn.2d 618, 637, 911 P.2d 1319 (1996). Although Defendant again does not contest the first two elements, it asserts that Plaintiffs do not satisfy the third or fourth elements.

The third element requires Plaintiffs to prove that "they were discriminated against by receiving treatment that was not comparable to the level of designated services provided to individuals without disabilities by or at the place of public accommodation." Id. With respect to this element, "[a] place of public accommodation discriminates when it fails to provide a person with a disability treatment comparable to that which it gives a

---

[2] To survive summary judgment, Plaintiffs attempt to recast their WLAD claim to also assert violations based on failure to accommodate and harassment theories. Regarding the failure to accommodate claim, Plaintiffs stated in their Second Amended Complaint that "[i]t is an unfair practice for a person in the operation of a place of public accommodation to fail or refuse to make reasonable accommodation to the known physical, sensory, or mental limitations of a person with a disability," and cited the Washington Administrative Code ("WAC"). 2d Am. Compl. at ¶ 177 (citing WAC 162-26-080(1)). Merely citing the WAC, however, is insufficient to allege a claim for relief as the citation alone does not plead the manner in which Plaintiffs were denied reasonable accommodations based on the facts of this case. The parties have been litigating this case for two years and, because Defendant is entitled to rely on the claims pleaded in the Second Amended Complaint, Plaintiffs may not now argue theories they did not plead. See Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1080 (9th Cir. 2008).

ORDER - 6

person without that disability." Hartleben v. Univ. of Wash., 194 Wn. App. 877, 884, 378 P.3d 263 (2016).

Plaintiffs fail to submit any evidence that the treatment they received was not comparable to the level of services provided to individuals without disabilities or to any other patient. As the Court previously noted, and as now evident from the absence of proof, Plaintiffs' WLAD claim has a "fundamental flaw." Order (docket no. 65 at 10 n.14); see also Doe v. Pfrommer, 148 F.3d 73, 82 (2nd Cir. 1998) (stating that a disparate treatment discrimination claim "would be beyond tenuous given [defendant's] sole purpose in assisting the disabled"). Plaintiffs simply cannot establish the lack of comparability, which is an "essential ingredient" for a WLAD claim. See Fell, 128 Wn.2d at 635–36 ("Put another way, there is discrimination only when the disabled are not provided with comparable services. It is this comparability element that is an essential ingredient in the test for discrimination against the disabled under RCW 49.60.215.").

Plaintiffs cite this Court's previous opinion in Long v. Live Nation Worldwide, Inc., No. C16-1961 TSZ, 2018 WL 3533338 (W.D. Wash. July 23, 2018), to argue that discrimination claims brought under the WLAD and ADA are analogous, and thus to contend that WLAD does not require evidence of how a defendant treats non-disabled comparators. Resp. at 19. Plaintiffs' reliance on Long is misplaced. In Long, this Court cited Abernathy v. Valley Med. Ctr., No. C06-001 MJP, 2006 WL 1515600 (W.D. Wash. May 25, 2006), for the proposition that the two statutes are analogous. 2018 WL 3533338, at *5. In Abernathy, the court explicitly acknowledged that, although the

ORDER - 7

statutes are analogous, "Washington law also requires a disabled person to show that he or she was discriminated against by not receiving services comparable to those provided to non-disabled person by or at the place of public accommodation." 2006 WL 1515600, at *2 (citing Fell, 128 Wn.2d at 637).

Even if WLAD did not require such evidence, Plaintiffs' disparate treatment claim nevertheless fails because it does not satisfy the fourth element. Specifically, Plaintiffs fail to show that their disabilities constituted a substantial factor causing the alleged discrimination. In their Response, Plaintiffs assert that the strip and cavity searches were particularly traumatizing for them because of their histories of trauma, abuse, and sexual assault. Resp. at 22–23. Plaintiffs, however, do not submit any evidence or offer any argument that their history of trauma was a *substantial factor* causing Defendant to strip and cavity search them. Accordingly, the Court also DISMISSES Plaintiffs' WLAD claim with prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's Motion for Partial Summary Judgment, docket no. 81, is GRANTED. Plaintiffs' claims under the ADA (count I) and WLAD (count VII), and Plaintiffs' claim for an injunction based on the ADA, are DISMISSED with prejudice.

//
//
//

(2)     Plaintiffs' claims for abuse of vulnerable adults (count II), negligence (count III), invasion of privacy (count IV), intentional infliction of emotional distress (count V), and negligent infliction of emotional distress (count VI) will remain for trial.

(3)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 27th day of September, 2021.

*/s/ Thomas S. Zilly*

Thomas S. Zilly
United States District Judge