UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, et al., | |
| Plaintiffs, | |
| v. | C19-635 TSZ |
| BHC FAIRFAX HOSPITAL, INC. d/b/a FAIRFAX BEHAVIORAL HEALTH, | ORDER |
| Defendant. | |

THIS MATTER comes before the Court on the Motion for Separate Trials, docket no. 74, filed by Defendant BHC Fairfax Hospital, Inc. d/b/a Fairfax Behavioral Health. In a previous Minute Order, the Court DENIED this Motion and ORDERED that the trial be conducted virtually via the ZoomGov.com platform. Minute Order (docket no. 92). The Court now enters the following Order to explain the reasoning for the rulings made in its Minute Order.

**Background**

Because the parties are familiar with the facts, the Court gives only a brief summary of the relevant background.

ORDER - 1

Defendant is a privately-owned entity that has three facilities providing inpatient psychiatric services in Washington.  2d Am. Compl. at ¶¶ 17–18 (docket no. 62).  Each Plaintiff alleges that, upon admission to one of Defendant's facilities, he or she was subjected to a strip and cavity search, which was video recorded.  Id. at ¶¶ 24–102.  Eight Plaintiffs then filed this action.  Defendant moved for separate trials.  Since the case was filed, three Plaintiffs have settled and five remain for trial.[1]

## Discussion

### A. Separate Trials

Under Rule 42(b), courts may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize."  Courts have broad discretion when deciding whether to order separate trials.  M2 Software, Inc. v. Madacy Ent., 421 F.3d 1073, 1088 (9th Cir. 2005).  "Rule 42(b) merely *allows*, but does not require, a trial court to [separate] cases 'in furtherance of convenience or to avoid prejudice.'"  Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) (quoting Fed. R. Civ. P. 42(b) (emphasis in original)).

The Court exercises its discretion to not order separate trials in this case.  Defendant contends that separate trials are appropriate because the jury will need to evaluate each Plaintiff's claims and damages on an individualized basis.  While some facts are distinct to each Plaintiff, the evidence for each Plaintiff's case substantially

---

[1] At oral argument, the parties represented that a third Plaintiff had settled.  The parties are DIRECTED to promptly file a stipulation with the Court indicating which Plaintiff has settled.

ORDER - 2

1  overlaps with the other Plaintiffs.  See id. (noting that a consideration for courts under
2  Rule 42(b) is whether the evidence will substantially overlap).  All Plaintiffs assert
3  similar claims against Defendant,[2] and therefore will present identical testimony from
4  several witnesses including the same expert witness.  Each case will further require the
5  same evidence relating to Defendant's Skin Assessment and Search for Contraband
6  Policies.

7       The Court is also persuaded that a joint trial will not prejudice Defendant by
8  creating bias, sympathy, and confusion.  Further, a joint trial will be efficient.  All
9  Plaintiffs allege that Defendant was negligent and violated its duty of care by "failing to
10 adequately instruct, monitor, and supervise their employees and agents regarding what
11 searches can be done and with what protections."  2d Am. Compl. at ¶ 155.  This theory
12 of liability requires Plaintiffs to prove that the violations were not isolated instances.  See
13 Rendon v. City of Fresno, No. 1:05-CV-01017 OWW BLB, 2006 WL 1582307, at *6
14 (E.D. Cal. June 2, 2006) (stating that where a plaintiff must prove a custom, policy, or
15 practice of failing to train, he or she must prove that the alleged violations were not
16 isolated instances).

17      Additionally, Defendant denies each Plaintiff's allegation that they were strip and
18 cavity searched upon admission to its facilities.  Answer at ¶¶ 40, 48, 56–57, 68, 77, &
19 85–86 (docket no. 63).  Because of Defendant's denials, the experience of the other

---

21 [2] The only exception being that H.S., who was a minor at the time he was admitted to Defendant's
   facility, has not alleged a claim under Washington's Abuse of Vulnerable Adults statute.  2d Am. Compl.
22 at ¶¶ 47 & 140.

23

ORDER - 3

1  Plaintiffs becomes relevant and would be admissible in each Plaintiff's individual case if
2  they were tried separately.  Fed. R. Evid. 401 & 402.  The Court further concludes that
3  such evidence would not be precluded by Rule 403 in the event of separate trials.  The
4  Court concludes that having all Plaintiffs' claims tried at once will not cause undue
5  prejudice.  This is true even if the Court were to follow Defendant's proposed alternative
6  approach, which suggests selecting two Plaintiffs to try together.  Moreover, because the
7  individual claims of other Plaintiffs will be admissible in each Plaintiff's case,
8  conducting separate trials would be an inefficient use of judicial resources.  Defendant's
9  Motion for Separate Trials, docket no. 74, is DENIED.

**B. Virtual Trial**

At the oral argument on September 15, 2021, the Court told the parties that it may conduct the trial virtually via the ZoomGov.com platform and instructed the parties to file any objections to a Zoom trial within ten days.  Neither party filed any objections. Additionally, concerns around the COVID-19 pandemic continue and are especially present in this case as many witnesses will be health care workers.  Accordingly, the Court ORDERED that the trial will be conducted virtually via ZoomGov.com.  Minute Order (docket no. 92); see also Le v. King County, No. C18-55-TSZ, 2021 WL 859493, at *5 (W.D. Wash. Mar. 8, 2021).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)  Defendant's Motion for Separate Trials, docket no. 74, is DENIED;

(2) The trial in this matter will be conducted virtually via the ZoomGov.com platform;

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 4th day of October, 2021.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 5